STATE of Maine

v.

### John I. DALOT, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs May 12, 1992.

Decided June 10, 1992.

Janet Mills, Dist. Atty., Farmington, for the State.

William Maselli, Andover, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

John I. Dalot, Jr., appeals from his convictions of kidnapping and gross sexual assault entered in the Superior Court (Franklin County, *Perkins, J.*) on his pleas of guilty. As his sole contention on appeal, Dalot claims the judgments should be vacated because the State violated the terms of its plea agreement. Without addressing the merits of Dalot's claim, we affirm the convictions.

First, a challenge of this nature is appropriately addressed on a petition for post-conviction review. When, as here, the record is not complete, it would be unfair both to the defendant and the State to address the merits of a claimed violation of a plea agreement. The defendant's understanding, as well as the nature of any discussions between counsel, needs to be explored in an evidentiary hearing. To illustrate the futility of this claim being made *on direct appeal* we quote the following statements from the record. During Rule 11 proceedings on inquiry by the court as to any plea negotiations, Dalot responded: "No, there has been none." The prosecutor responded, "We are not making any specific recommendation." And defense counsel stated that the plea was based on dismissal of two counts and "the District Attorney's representation that there be no specific request or recommendation ... regarding sentence." Later during the sentencing, the prosecutor stated that she had agreed, "I would not make a specific recommendation as to the specific number of years." We express no opinion on whether a post-conviction court might find that a plea agreement existed or that the prosecutor's recommendation of "a lengthy period of incarceration" constituted a violation of any such agreement.

Second, we take this occasion to remind defense counsel and prosecutors alike that M.R.Crim.P. 11A requires disclosure of any agreement on the record in open court at the time a plea is offered. The rule is intended to protect the defendant's right to withdraw the plea pursuant to Rule 11A(b) and (e), and to protect the State against unfounded attempts to enforce an alleged agreement pursuant to Rule 11A(f). Rule 11 proceedings should contain a clearer record of plea negotiations than that presently before us.

The entry is:

Judgments affirmed.

All concurring.